(A. R. D. 72)

NICHOLAS GAL (GLOBE SHIPPING CO., INC.) *v.* UNITED STATES

Entry Nos. 720153/1; 708931.

Third Division, Appellate Term

(Decided May 1, 1957)

*Michael Stramiello, Jr.,* for the appellant.

*George Cochran Doub,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellee.

Before JOHNSON, DONLON, and FORD, Judges

DONLON, Judge: There is before us appellant's petition for review of the decision and judgment below in two appeals to reappraisement, consolidated for trial (R. 2, 66), reported in *Nicholas Gal (Globe Shipping Co., Inc.)* v. *United States,* 36 Cust. Ct. 555, Reap. Dec. 8573. Appellant claims reversible errors in findings of fact and conclusions of law of the trial judge.

The merchandise is aluminum metal-covered paper of 10 grades, imported from Germany. Errors are assigned with respect to all 10 grades. On oral argument, appellant limited the appeal to three of the grades, being those designated in the decision below as items 2, 6, and 8. The appeal is, therefore, deemed abandoned as to all merchandise, save that identified as items 2, 6, and 8. *United States* v.

*Schroeder & Tremayne, Inc., James H. Rhodes & Co.*, 41 C. C. P. A. (Customs) 243, C. A. D. 558.

It was conceded by the parties, on trial below, that, although appraisement was based on foreign value, there were no foreign values for merchandise such as or similar to any of the 10 merchandise items (R. 2).

The trial judge found no export value for the merchandise of items 1, 3, 4, 5, 7, 9, and 10, but did find export values for similar merchandise. As to the merchandise of items 2, 6, and 8, the trial judge found that appellant had not proved export values either for such or similar merchandise, that he had not proved there was no export value of similar merchandise, and that, accordingly, a presumption of correctness attached to the appraised values, which presumption appellant had failed to overcome.

Appellant does not argue that the record establishes proofs of export values of such merchandise. The errors argued are with respect to the trial judge's findings (of fact) that there is not sufficient evidence to establish either that there is or is not export value of similar merchandise and (of law) that plaintiff, having failed to overcome the presumptively correct appraised values, the values found for items 2, 6, and 8 were those returned by the appraiser.

As to the assigned error of fact, appellant argues that export value was proved for merchandise similar to the merchandise of items 2, 6, and 8. In this argument, appellant relies chiefly on exhibit 24 of the incorporated record, *Hensel, Bruckmann & Lorbacher, Inc.* v. *United States*, 6 Cust. Ct. 746, Reap. Dec. 5097, affirmed on appeal, *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 7 Cust. Ct. 355, Reap. Dec. 5329. That exhibit is an affidavit which describes various grades and qualities of aluminum metal-covered paper, manufactured in Germany, and the prices thereof freely offered to all purchasers, at or about the time of export of the merchandise of items 2, 6, and 8, for export to the United States. Concededly, none of the described items in exhibit 24 bears a description similar either to item 2 or 6 or 8. What appellant relies on are the prices of items listed in exhibit 24, not identified by testimony or other proofs, as similar to the merchandise of items 2, 6, and 8 (R. 90 through 94), but which appellant in oral argument and briefs contends is similar.

From the items in exhibit 24 identified in appellant's argument (but not in appellant's proofs) as similar to the merchandise of items 2, 6, and 8, appellant asks the court to "interpolate" into this record, as evidence in this case, the freely offered export prices of the affidavit merchandise as the prices at which merchandise similar to items 2, 6, and 8 was freely offered to all purchasers for export to the United States. Appellant relies on *United States* v. *Freedman & Slater, Inc.*,

25 C. C. P. A. (Customs) 112, T. D. 49241. In our opinion, the trial judge properly distinguished that case. It cannot be extended as authority for the broad principle of "interpolation" for which appellant cites it. The trial judge was correct in his opinion "that the principle, as expressed in *United States* v. *Massin & Bros., supra* [16 Ct. Cust. Appls. 19, T. D. 42714], and *United States* v. *Alatary Mica Co.*, 19 C. C. P. A. (Customs) 30, T. D. 44871, that value may not be found by comparison with a proportionate part of similar merchandise, was not involved in the *Freedman & Slater* case, *supra.*" [Citation inserted.]

Appellant's claim that the proper value is the freely offered export value of similar merchandise fails because appellant has not met and established all the issues material to its case. Appellant has failed to prove the freely offered export price of merchandise similar to items 2, 6, and 8. This is a material issue. *Kobe Import Co.* v. *United States*, 42 C. C. P. A. (Customs) 194, C. A. D. 593. Appellant had the burden of meeting every issue material to its claim for the export value of similar merchandise as the basis of appraisement. This it did not do.

Appellant's alternative claim for United States value likewise fails. United States value is a proper basis for appraisement only where it has been shown that there is no foreign or export value either for such or similar merchandise. The record is clear that there is no foreign value for such or similar merchandise and that there is no export value for such merchandise. Appellant, however, has failed to negate the existence of an export value for merchandise similar to items 2, 6, and 8. Indeed, appellant claims there is export value for similar merchandise, but has not proved it. In view of that claim, it is understandable that appellant likewise has not proved there is no such value.

This court may not, by inference, compensate for lack of proofs, as appellant suggests. Whether merchandise similar to items 2, 6, and 8 is or is not freely offered for export to the United States and the price at which it is freely offered, are issues of fact to be established by proofs, not by inference or by argument.

Appellant argues, as to his assignment of error in the trial judge's conclusions of law, that there can be no presumption of correctness attaching to an appraisement based on foreign value, when—as here—both parties concede there was no foreign value. Appellant has, again, misunderstood its burden of proof.

It has been held, both by this court and our appeal court, that an erroneous but valid appraisement will stand, unless and until the plaintiff in the reappraisement appeal has established some different value proper under the statute. Chief Judge Oliver clearly stated this

principle, quoting our appeals court, in *Chas. E. Washburn Company* v. *United States*, 34 Cust. Ct. 536, A. R. D. 55, at page 539:

It should be emphasized at this point that the importing company, as the appealing party in these appeals for reappraisement, assumed the burden of meeting every material issue involved in the case, of overcoming the statutory presumption of correctness that attaches to the appraiser's valuation, and of proving the correct value of the merchandise. The responsibility of a plaintiff in reappraisement proceedings was set forth in *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057, as follows:

We have had frequent occasion to endeavor to point out just what is required and upon whom the duty of proof primarily rests in appeals to reappraisement. In *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 165, T. D. 45276, we discussed a number of questions relating to reappraisement procedure at considerable length and cited numerous cases in support of the rules there stated. We shall not here restate the principles of law and practice there outlined.

It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

Appellant argues that an anomalous result follows where appraised value is conceded to be erroneous, but the presumption is invoked, so that it determines the dutiable value of merchandise, "particularly when there is other evidence upon which a reappraised value can be determined." (Brief, p. 8.) Such evidence, to which appellant refers, is evidence of United States value. Under the statute, the court may not consider such evidence unless and until appellant has proven that there is no foreign or export value for either such or similar merchandise. As earlier pointed out, appellant has failed to meet this burden of proof. The court, therefore, may not consider evidence of United States value.

For the reasons stated, it is our opinion that appellant has not made a case as to items 2, 6, and 8. Whether or not the appraised value is erroneous, it stands, unless appellant proves the right to another value. It is the presumptively correct value until proven otherwise. This principle was well and clearly stated by our appeals court in *Kobe Import Co.* v. *United States, supra*, at page 198:

* * * Referring to the aforementioned correspondence between shipper and importer (which, as exhibits in the case, we have examined), appellant states (and we think correctly) that such correspondence could not have provided any foundation for the appraiser's valuation since it related to many different phases of appellant's business, and to the several classes of merchandise in which it was interested, and did not with any degree of particularity identify any of the instant shipments.

However erroneous the appraiser's action may have been in valuing the merchandise, it was incumbent upon appellant seeking to prove the correctness of a different statutory export value to meet every material issue in the case, and hence establish every element of that value in strict compliance with the dictates of section 402 (d), *supra*. Failing to sustain this burden of proof, the value fixed by the appraiser remains in full force and effect.

Based upon this record, we find as facts:

1. That items 2, 6, and 8 covered by these appeals for reappraisement consist of aluminum-covered papers, exported from Germany in July 1937 and July 1938.

2. That there is not sufficient evidence to establish that merchandise similar to items 2, 6, and 8 was, or was not, freely offered for sale to all purchasers for exportation to the United States.

We conclude as a matter of law:

1. That, as to items 2, 6, and 8, appellant has failed to overcome the presumptively correct appraised values and that the values thereof are those returned by the appraiser.

2. That appellant, having failed to press the assigned errors as to items 1, 3, 4, 5, 7, 9, and 10, as to those items the application is deemed abandoned and, therefore, dismissed.

The judgment of the trial court is affirmed as to all of the items. Judgment will be rendered accordingly.