BEFORE THE THIRD DIVISION, FEBRUARY 11, 1959

**No. 62748.**—Nicholas Gal *v.* United States, petition 7237–R (New York).

DONLON, Judge: This is a petition under section 489 of the Tariff Act of 1930 for remission of additional duties assessed because of the entry undervaluation of certain aluminum metal-covered paper imported from Germany.

This merchandise was entered at New York. It was appraised at values higher than the entered values. The importer contested the value increases, filing 70 appeals for reappraisement as set forth in schedule A annexed to the petition now before us. Two of these reappraisement appeals were tried as a test. They were consolidated for trial, being entry Nos. 720153 and 708931.

The question of appraised value of aluminum metal-covered paper imported from Germany by plaintiff had then been before the court at least twice previously. (There have been, in all, four *Nicholas Gal* reappraisement decisions involving merchandise described as aluminum metal-covered paper imported from Germany. To minimize confusion, they are identified after initial citation, numerically in order of decision.) *United States* v. *Nicholas Gal*, 15 Cust. Ct. 395, Reap. Dec. 6192; *Nicholas Gal* v. *United States*, 28 Cust. Ct. 656, Reap. Dec. 8119.

The judgment entered in the reappraisement appeals as to entry Nos. 720153 and 708931 found appraised values that were in excess of the entered values. *Nicholas Gal* v. *United States*, 36 Cust. Ct. 555, Reap. Dec. 8573, affirmed, *id.* v. *id.*, 38 Cust. Ct. 728, A.R.D. 72. (This is the third of the *Nicholas Gal* reappraisement decisions.)

The remaining 68 appeals were then submitted to the court to find appraised values on the basis of stipulated facts, with the trial records in the second and third *Nicholas Gal* cases, *supra*, incorporated. Appraised values of the merchandise in all 68 appeals were found April 9, 1958. *Nicholas Gal* v. *United States*, 40 Cust. Ct. 785, Reap. Dec. 9122. (This is the fourth decision.)

Additional duties under section 489 were assessed on the merchandise of all 70 of these appeals (those of the third and fourth decisions), because the final appraised values exceeded the entered values. These are the additional duties now before us.

On trial of this petition, counsel stipulated in open court as follows:

MR. STRAMIELLO: * * * I will then offer to stipulate with Government counsel that the merchandise in this proceeding is similar in all material respects to that the subject of *Nicholas Gal* v. *United States*, Abstract 51557.

MR. SPECTOR: We so agree.

MR. STRAMIELLO: And that the facts as established in the record of that case, Abstract 51557, are the same in all material respects with respect to the manner in which entries were made and the intent involved.

MR. SPECTOR: We so stipulate.

JUDGE DONLON: It is stipulated.

On plaintiff's motion, without objection, the record in Abstract 51557 was incorporated and made part of the record in this proceeding.

In Abstract 51557, this same plaintiff petitioned for remission of section 489 additional duties assessed after appraised value had been increased over entry value for aluminum metal-covered paper imported from Germany, merchandise which is now stipulated to be similar in all material respects to the merchandise of this petition. Increased value had been found in the first *Nicholas Gal* decision.

The facts of record in the incorporated case, which have been stipulated as facts in this proceeding, are stated in the unpublished opinion of the court (by Cole, J.) as follows:

Petitioner (importer of the instant merchandise) testified that prior to entry he consulted with the United States examiner, outlining his relationship as sole United States agent and his method of doing business in such capacity for the foreign shipper, set forth in a written agreement, collective exhibit 1, and furnishing all information in his possession concerning the shipments in question. After several conversations with the customs examiner, and subsequent to inquiries in the German market concerning prices and conditions prevailing there with respect to aluminum metal covered paper, like or similar to that in question, petitioner, following the suggestion of the said customs official, entered his merchandise on the basis of United States value, at the invoice prices, less freight, insurance, duty, and six percent commission that he received from his foreign principal.

The manager of the import department of the customs brokerage firm, who supervised the entries in question, explained that, prior to entry, he submitted so-called inquiry sheets, recognized by customs officials as requests for information as to the value of imported merchandise, and that in filing these entries he followed petitioner's instructions.

The United States customs examiner, who passed the shipments under consideration, corroborated petitioner's testimony relating to the inquiries made before entry, admitting that he told petitioner "the basis of appraisement would be United States value." He explained his advisory return on the basis of foreign value, as resulting from information contained in reports made by Government agents who had conducted investigations in the German market dealing with aluminum metal covered paper. The witness further testified that in all his conferences relating to the entries in question he found the petitioner to be cooperative, submitting all information that was requested.

The court, on these facts, held that the record was "convincing that the entry of the merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise."

It sufficiently appears on the record before us, including the incorporated record, that plaintiff has sustained the burden of showing that entry of the subject merchandise at values less than the final appraised values was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to value of the merchandise.

The petition is granted.

Judgment will be entered accordingly.